UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BRUCE SMITH, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) CASE NO. |
| v. | ) ) |
| ALLEGIANCE STAFFING, LLC, | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) ) ) |

## CLASS ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a consumer class action under federal law brought on behalf of applicants for employment, transfer, and/or promotion with Allegiance Staffing, LLC. ("Allegiance" or "Defendant").

2. Allegiance Staffing, LLC is a large-scale employment agency that operates in 14 states and has 41 branches. Allegiance is headquartered in Spring, Texas.

3. Allegiance systematically violates the rights of job applicants about whom it obtains consumer reports (also called "background checks"), provided by section 1681b(b)(3) of the Fair Credit Reporting Act ("FCRA"), by using consumer reports to take adverse employment actions without, *beforehand*, providing the person who is the subject of the report sufficient and timely notification and a copy of the report and a summary of rights under the FCRA.

4. These failures leave applicants without any meaningful opportunity to correct any errors on the report or to discuss the content of the report with Allegiance.

5. The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as Allegiance. This action involves Allegiance's systematic violations of these important rules.

6. Plaintiff Bruce Smith ("Plaintiff" or "Mr. Smith") was denied employment with Allegiance based upon a standardized background screen conducted by Priority Background Solutions, Inc. (hereafter, "Priority").

7. Upon information and belief, Allegiance contracts with Priority to perform a standardized background screen on all consumers who apply to Allegiance for hire, promotion, or transfer.

8. In June 2023, Mr. Smith sought employment with Allegiance. After the application, interview process, and drug screening, Allegiance ordered a consumer report about Mr. Smith from Priority. Devastatingly for Mr. Smith, Priority included on its report felony convictions that did not belong to Mr. Smith, but rather a different person of the same name.

9. Although Allegiance purports to comply with the FCRA's requirement that it provide notice, a copy of the background report, and a statement of FCRA rights *before* it takes adverse action, in reality it takes adverse action immediately upon receiving a negative background check. Any purported opportunity to dispute or discuss the contents of the report is illusory.

10. Allegiance willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement, and failed to provide a copy of the inaccurate background report it obtained from Priority before the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3).

11. Every year, individuals who have applied to Allegiance for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

12. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and classes of similarly situated employment applicants for whom Allegiance failed to comply with FCRA section 1681b(b)(3)'s pre-adverse action notification requirements.

## II. JURISDICTION & VENUE

13. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

14. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, Defendant has harmed Class Members residing in this District, and Defendant is subject to the Court's personal jurisdiction with respect to this action. Further, the primary torts and injuries originated and occurred in this District.

## III. PARTIES

15. Plaintiff is an adult individual who resides in North Carolina. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1681a(c).

16. Defendant is a foreign limited liability company formed under Texas law with its headquarters located at 5726 Root Rd., Spring, Texas 77389.

17. Defendant regularly conducts business in North Carolina through the eight branches it maintains in the state, including one located at 5200 77 Center Dr., Suite 150, Charlotte, NC 28217.

18. Defendant does not maintain a registered agent or office in the State of North Carolina.

19. Defendant's failure to maintain a registered agent or to otherwise register to do business in the state of North Carolina violates N.C.G.S §57D-7-01 et seq.

20. The North Carolina Secretary of State is the statutory agent for service of process on Defendant in accordance with N.C.G.S.§57D-7-06 and 55D-33.

### IV. FACTUAL ALLEGATIONS

#### A. Allegiance's Use of Priority's Screening Services

21. Allegiance operates its employment staffing agency across 14 states, through 41 separate branches.

22. Priority Background Solutions, Inc. ("Priority") is a consumer reporting agency which provides "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), background and employment screening services, and decision-making intelligence to prospective employers.

23. Priority investigates and reviews public record and private databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

24. From its files, Priority sells consumer reports to potential employers (such as Allegiance) wishing to review the criminal record history, or lack thereof, of various job applicants or employees.

25. Priority offers customers the possibility of using its screening service both to screen applicants for employment, and current employees either on a recurring basis, or in connection with a promotion or transfer to a different role.

26. Allegiance used and/or continues to use Priority's screening services to conduct background checks on applicants for employment and employees for promotion.

27. The background reports resulting from these services are obtained by and delivered to Allegiance.

28. Under the FCRA, any "person" using a consumer report, such as Allegiance, who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, before taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A); *see also Magallon v. Robert Half Int'l, Inc.*, 311 F.R.D. 625, 633-35 (D. Or. 2015) (certifying 1681b(b)(3) claims of class of applicants for placement through a staffing agency); *Goode v. LexisNexis Risk & Info. Analytics*, 848 F. Supp. 2d 532, 542 (E.D. Pa. 2012) (more than one business can be a user of a single background report; "Under the FCRA, 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. § 1681a(b). Thus, defendant is a person and must comply with § 1681b(b)(3)(A).").

29. There is longstanding regulatory guidance for employers making clear their obligations and the protections afforded to job applicants under the FCRA. The Federal Trade Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative

information in case the report is inaccurate or incomplete." *See* Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq.

30. A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate or discuss the report with the prospective employer before adverse action is taken. *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken.").

31. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant that they are about to experience an adverse action, such as a rejection, based at least in part on the content of a report, and to provide them an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect or job is lost.

32. Upon information and belief, Allegiance does not have and/or follow standard procedures which require it to automatically provide a job applicant with a copy of a background report prior to Allegiance taking an "adverse action" against that applicant based on information contained in the background report.

33. When Allegiance *does* provide job applicants with a copy of their consumer reports containing derogatory information—perhaps in response to an applicant's request—Allegiance does not amend its adverse action decisions based on any successful disputes of the derogatory information, despite being required to do so by Section 1681b(b)(3)(A) of the FCRA.

34. Additionally, Allegiance does not provide job applicants with a description in writing of their rights under the FCRA, as required by Section 1681b(b)(3)(A)(ii).

35. The FCRA statutory text, the FTC opinions and the cases cited constitute significant authority that existed during the time Defendant failed to comply with the pre-adverse action requirements of 15 U.S.C. § 1681b(b)(3)(A).

**B. Plaintiff's Experience**

36. In June 2023, Plaintiff applied for employment with Allegiance by submitting an application at the Allegiance branch in Mooresville, NC.

37. After Plaintiff completed the employment application and interview, on or about June 15, 2023, Allegiance subjected Plaintiff to a drug screening test and a background check.

38. Plaintiff successfully passed the drug screening test.

39. Prior to Allegiance obtaining the background check regarding Plaintiff, Plaintiff informed Allegiance that he had been the subject of inaccurate background reports in the past, and he had previously obtained legal counsel due to the inaccurate reporting.

40. Allegiance could have confirmed all of this by checking PACER or asking Plaintiff to provide supporting information. Discovery will confirm Allegiance did neither.

41. On or about June 18, 2023, Defendant obtained a consumer report about Plaintiff from Priority.

42. Priority reported in its consumer report that Plaintiff was associated with several criminal records, including two felony convictions. None of the convictions were for the Plaintiff, Mr. Smith, but were for a different person of the same name.

43. Priority highlighted the criminal records on the report with the results in red lettering, indicating an adverse result.

44. Based upon its standardized procedures for responding to consumer reports with an adverse finding, Allegiance immediately took adverse action against Plaintiff.

45. Allegiance never gave Plaintiff an opportunity to dispute, or even discuss with Allegiance, the inaccurate information before taking that adverse action against him.

46. Allegiance did not even inform Plaintiff about the adverse action it took in response to the derogatory background check until approximately two weeks later, when Plaintiff made a follow-up call to Allegiance after not receiving *any* notices or correspondence from Allegiance regarding the background check.

47. Allegiance's initial adverse decision on or around June 18, 2023, with respect to Plaintiff's application was in fact the final decision.

48. Therefore, Plaintiff had no meaningful opportunity to change the adverse action taken against him at the time the decision was made, irrevocably, to not hire him.

49. Defendant willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement before taking its irrevocable adverse action (denying employment) against Plaintiff.

50. As a result of Defendant's conduct described above, Plaintiff has suffered harm in the form of denial of information necessary to vindicate his FCRA rights, financial and reputational harm, loss of employment opportunity, and emotional distress.

## V. CLASS ALLEGATIONS

51. Plaintiff brings this action individually and pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class, of which he is a member:

> All candidates for new employment, continued employment, transfer or promotion with or through Defendant or any subsidiary thereof residing in the United States (including all Territories and other political subdivisions of the United States) who were the subject of a background report containing one or more items of adverse

8

Case 3:25-cv-00016-FDW-SCR   Document 1   Filed 01/09/25   Page 8 of 12

information which Defendant treated as disqualifying, beginning two years prior to the filing of this action and extending through the most recent class certification order in this action.

52. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

53. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are so numerous that joinder of all is impractical. Upon information and belief, the number of job applicants and employees harmed by Defendant's practices are more numerous and geographically dispersed than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

54. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others: (1) whether Allegiance used consumer reports for employment purposes to take adverse action against consumers without first providing them with notice, a copy of the report, and a summary of FCRA rights at least five business days prior to the adverse action; and (2) whether Allegiance acted willfully or negligently.

55. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for relief that he seeks for absent Class Members.

56. **Adequacy**. **Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

57.     **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI.     CAUSES OF ACTION

### COUNT I
### FCRA § 1681b(b)(3) – Class Claim

65.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

66.     The background or consumer reports that Defendant purchases regarding employment applicants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

67.     The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

68. For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

69. Defendant is a "person" that regularly uses consumer reports for employment purposes.

70. The FCRA requires Defendant, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

71. Defendant willfully violated section 1681b(b)(3) of the FCRA by failing to provide to the consumer about whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA a sufficient time before it took adverse action based in whole or in part on the consumer report.

72. As a result of Defendant's willful conduct and omissions, Plaintiff is entitled to recover statutory damages for himself and members of the putative class of between $100 and $1,000, plus uncapped punitive damages "as the court may allow." 15 U.S.C. § 1681n. Plaintiff is also entitled to recover his attorneys' fees and costs incurred in prosecuting this litigation. *Id.*

73. In the alternative, Plaintiff and class members are entitled to recover their actual damages, as well as attorneys' fees and costs. *Id.* § 1681o.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

2. Actual, statutory and punitive damages to be determined by the jury;

3. Attorneys' fees;

4. Costs of the action; and

5. Such other relief, including injunctive relief, as the Court deems just and proper.

## VIII. TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATE: January 9th, 2025.

Respectfully submitted,

BRUCE SMITH, *individually, and on behalf of all others similarly situated*,

By: _____*/s/ Brett Dressler*_____
Brett Dressler (NC Bar #34516)a
Sellers, Ayers, Dortch & Lyons, PA
301 S. McDowell Street, Ste. 410
Charlotte, NC 28204
Telephone: 704-377-5050
Email: bdressler@sellersayers.com

Leonard A. Bennett, NCSB #21576
Craig C. Marchiando*
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
* *Pro hac vice forthcoming*

*Attorneys for Plaintiff*